**Maurice BECKER, Petitioner/Appellant,**

v.

**David MYERS, CCA Corporate Executive; Linda G. Cooper, CCA Corporate Executive; Warden John Rees, Respondent/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 21, 1994.

Permission to Appeal Denied by Supreme Court Feb. 27, 1995.

Maurice Becker, Clifton, pro se/petitioner/appellant.

Tom Anderson and Sandra I. Schefcik, Lexington, for respondent/appellee.

## OPINION

CANTRELL, Judge.

This is an appeal from the dismissal of a Petition for Declaratory Judgment by the Chancery Court of Davidson County. Because we think the chancellor was correct in finding that the plaintiff had failed to allege any cause of action against the named defendants, we affirm.

### I.

Maurice Becker is an inmate in the South Central Correctional Facility (SCCF), a penal facility operated for the State of Tennessee by Corrections Corporation of America (CCA). On August 31, 1992, the date the property losses alleged in this lawsuit occurred, Mr. Becker was being transferred from the Middle Tennessee Reception Center, a State operated classification facility, to SCCF, via the Turney Center Industrial Facility, operated by the State, where he and his property were to be turned over to CCA officers.

At the Turney Center, one of the CCA officers allegedly told Mr. Becker and several other prisoners that their property had to be left behind because there was no room for it in the van that was to take the prisoners to the South Central Correctional Center. The prisoners were told that officials would make another trip to the Turney Center, and would bring the property to Mr. Becker and the others by the following day.

The appellant's property did indeed arrive the next day, but when he went to claim it at the SCCF property room, he discovered that much of his property, including new shoes and other articles of clothing, country music tapes and cartons of cigarettes were missing. Following instructions of property room personnel, Mr. Becker promptly filed a "Loss of Personal Property Claim Form." The missing articles were listed on the form, together with Mr. Becker's estimate of their values, totalling $585.

On August 5, 1993, almost a year later, SCCF Warden John Rees sent Mr. Becker a memorandum denying compensation for the lost property. The warden alleged that the property had never been in the possession of CCA employees, as "[p]er your own admission, it was last seen at Turney Center." The memorandum went on to suggest that Mr. Becker needed to pursue his remedy by filing a claim with the State Property Claims Board. The appellant did not file such a claim, because he believed that his property had been turned over to CCA officials at Turney Center, and that a State Claim could not be pursued against CCA employees. To exhaust his remedies, Mr. Becker forwarded a "Claim for Loss of Property" to CCA's corporate office. The claim was denied.

Mr. Becker then filed a Petition for Declaratory Judgment in the Davidson County Chancery Court. The petition named as defendants Linda Cooper, CCA's Vice-President for Legal Affairs, David Myers, another CCA executive, and Warden John Rees, a CCA employee.

### II.

The appellant did not allege that the three named defendants had intentionally converted his property, or that some act of negligence on their parts caused the property to be lost. Rather, he seemed to be attacking the defendants' failure to grant him compensation for his loss in their official capacities.

As part of the protection afforded to individuals who act on behalf of a corporation, the Tennessee legislature has eliminated personal liability for official acts by a corporate officer, if that officer has met certain standards in carrying out those acts. Tenn.Code Ann. § 48–18–403 reads:

**Standards of conduct for officers.**

(a) An officer with discretionary authority shall discharge all duties under that authority:

 (1) In good faith;

 (2) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and

 (3) In a manner the officer reasonably believes to be in the best interest of the corporation.

(b) In discharging such duties, an officer is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by:

> (1) One (1) or more officers or employees of the corporation (or a subsidiary of the corporation) whom the officer reasonably believes to be reliable and competent in the matters presented; or

> (2) Legal counsel, public accountants, or other persons as to matters the officer reasonably believes are within the person's professional or expert competence.

(c) An officer is not acting in good faith if the officer has knowledge concerning the matter in question that makes reliance otherwise permitted by subsection (b) unwarranted.

(d) An officer is not liable for any action taken as an officer, or any failure to take any action, if the officer performed the duties of his office in compliance with this section.

[Acts 1986, ch. 887, § 8.42; 1994, ch. 776, § 34.]

In their official capacities, John Rees and Linda Cooper denied the formal claims that Mr. Becker submitted. Ms. Cooper is an officer of CCA. Warden Rees would appear to be its agent. In the normal course of events, neither could be held personally liable for denying Mr. Becker's claims on behalf of the corporation.

David Myers was CCA's Vice President for Operations, so he arguably held some authority over the unnamed CCA employees who allegedly took custody over the property at Turney Center. There is no indication in the pleadings, however, as to the extent of that authority, and no allegation that Mr. Myers or the other defendants failed to exercise their authority in accordance with the standards imposed by Tenn.Code Ann. § 48–18–403.

### III.

We find no error in the action of the trial court, and we accordingly affirm its dismissal of plaintiff's petition. Remand this case to the chancery court for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.